UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NUMBER: _____

VARINDRA LALLHARRY,

      Plaintiff,

vs.

WORLD CLASS AUTO REPAIR CENTER, LLC,
a Florida Corporation, and JEFFREY KRANITZ,
individually,

      Defendants.

_____/

## COMPLAINT

COMES NOW, Plaintiff, VARINDRA LALLHARRY, by and through his undersigned counsel, and sues the Defendant, WORLD CLASS AUTO REPAIR CENTER, LLC ("Auto") and JEFFREY KRANITZ ("Kranitz"), and alleges as follows:

## INTRODUCTION

1.     This is a proceeding for damages to redress the deprivation of rights secured to the Plaintiff by the Family and Medical Leave Act, 29 U.S.C. 2601-2654 ("FMLA"), as temporarily modified pursuant to the Families First Coronavirus Response Act ("FFCRA"), Public Law 116-127.

## JURISDICTION AND VENUE

2.     The Court has jurisdiction over their controversy based upon the FMLA and FFCRA, and venue is proper as all acts described herein occurred within this judicial district.

## PARTIES

3.      At all times material hereto, the Plaintiff was/is a citizen of the United States, sui juris, and an employee of the Defendants.

4.      At all times material hereto, the Plaintiff was an employee and member of a protected class within the meaning of the FMLA as temporarily modified by the FFCRA.

5.      At all times material hereto, Defendant, Auto, was a Florida Corporation doing business and services in this judicial district, was the former employer of the Plaintiff, and is an employer as defined by the FMLA as temporarily modified by the FFCRA.

6.      At all times material hereto, Kranitz was the owner of Auto, and acted directly in the interests of Auto in relation to the Plaintiff, exercised the requisite legal control and otherwise administered the illegal acts as described herein on behalf of Auto, and is an employer as defined by the FMLA as temporarily modified by the FFCRA.

## STATEMENT OF FACTS

7.      The Plaintiff was an employee for the Defendants since March 2020 and during Plaintiff's employment, he was a satisfactory employee.

8.      In June of 2020, one of Plaintiff's coworkers was starting to feel very ill, and he informed Defendants that he believed the employee had COVID-19, to which Kranitz said not to worry about it.

9.      The week before July 4, 2020, another coworker was feeling ill and was experiencing the same symptoms.

10.     Both of these coworkers (Mark and Geller) tested positive for COVID-19, likely because Defendants' employees were not provided any protection.

11.     Plaintiff then started to feel very ill and develop the same symptoms, likely contracted from his coworkers, yet Defendants still wanted Plaintiff to work.

12.     Plaintiff said he should not be working as he could spread the virus to others.

13.     Plaintiff then took a test, which turned out positive and quarantined.

14.     Defendants were specifically made aware of Plaintiff's condition.

15.     While out, on August 3, 2020, Kranitz texted Plaintiff to drop off his uniform, despite being on quarantine due to his positive test.

16.     On August 5, 2020, Plaintiff informed Kravitz regarding him and his wife's recovery as she also tested positive.

17.     Kranitz said he had not heard from Plaintiff for weeks and that he abandoned his job, terminating Plaintiff.

## COUNT I

### FFCRA INTERFERENCE- DEFENDANTS

18.     The Plaintiff incorporates by reference paragraphs 1-17 herein.

19.     At all times material to this lawsuit, the Plaintiff was entitled to benefits afforded under the FMLA as temporarily modified by the FFCRA.

20.     The Defendants unlawfully interfered with the Plaintiff's exercise of his FFCRA rights by denying him benefits that he was afforded and terminating his employment.

21.     As a direct and proximate result of the Defendants' unlawful treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, under the FMLA as temporarily modified by the FFCRA.

22.     The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation under the FMLA as temporarily modified by the FFCRA.

WHEREFORE, the Plaintiff, VARINDRA LALLHARRY, requests that judgment be entered against the Defendants for all damages recoverable under the FMLA as temporarily modified by the FFCRA, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## COUNT II

## FFCRA RETALIATION- DEFENDANTS

23.     The Plaintiff incorporates by reference paragraphs 1-17 herein.

24.     At all times material to this lawsuit, the Plaintiff sought benefits afforded under the FMLA as temporarily modified by the FFCRA.

25.     As a result of this exercise of the benefits afforded under the FMLA as temporarily modified by the FFCRA, the Defendants intentionally, willfully and unlawfully retaliated against the Plaintiff by terminating his employment.

26.     That the Defendants' decision to adversely affect the Plaintiff was both connected to, and in response to the Plaintiff's need for benefits under the FMLA as temporarily modified by the FFCRA.

27.     As a direct and proximate result of the Defendants' unlawful treatment, the Plaintiff has suffered damages and will continue to suffer irreparable injury and damages in the future, under the FMLA as temporarily modified by the FFCRA.

28.     The Plaintiff is entitled to an award of reasonable attorney's fees, expert fees, costs and expenses related to this litigation under the FMLA as temporarily modified by the FFCRA.

WHEREFORE, the Plaintiff, VARINDRA LALLHARRY, requests that judgment be entered against the Defendants for all damages recoverable under the FMLA as temporarily modified by the FFCRA, in addition to all litigation expenses and costs, including attorneys' fees and any other lawful and equitable relief this Court deems to be just and proper.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a jury trial.

Dated: October 13, 2020.               Respectfully submitted,

Law Offices of Levy & Levy, P.A.
1000 Sawgrass Corporate Parkway, Suite 588
Sunrise, Florida  33323
Telephone: (954) 763-5722
Facsimile: (954) 763-5723
*Counsel for Plaintiff*

*/s/ Chad Levy*
CHAD E. LEVY, ESQ.
chad@levylevylaw.com
Secondary: assistant@levylevylaw.com
F.B.N.: 0851701
DAVID M. COZAD, ESQ.
david@levylevylaw.com
F.B.N.: 333920